UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY B. MALLGREN,

                    Plaintiff,

          -against-

UNITED STATES OF AMERICA,

                    Defendant.

26-CV-0622 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

In an order dated May 4, 2016, the court barred Plaintiff from filing any new civil actions in this court *in forma pauperis* ("IFP") without first obtaining leave to file. *Mallgren v. United States*, No. 14-CV-1420 (LAP) (S.D.N.Y. May 4, 2016). The court issued that filing injunction because of Plaintiff's history of vexatious litigation. *Mallgren*, No. 14-CV-1420 (S.D.N.Y. Nov. 24, 2015) (recounting Plaintiff's litigation history and directing Plaintiff to show cause why the court should not impose a filing injunction).

Plaintiff submits this new civil action and has not paid the fees or filed an IFP application, and the Court understands that he seeks to proceed IFP. Plaintiff requests leave to file this action, and states in part:

> I'm requesting leave to file with the court, per a court order. I would like to try to see this complaint through in a fully compliant manner just to ensure that the conclusion that my psychologist and arrived at, i.e., that I was going through the motions of life, but sabotaging myself through trying to devalue others, in engaging, though not complying with generally accepted societal behavioral models and expectations.

(ECF 2 at 1.)

Plaintiff filed this complaint against the United States of America. (ECF 1.) In the section headed "New Case Content," Plaintiff discusses, among other things, his experiences with the health and mental health care system, and states that it "seems that the United States justice

system, including state and municipal courts, either does not currently have the resources, or makes the conscious decision, to not apply the law fairly and equitably." (ECF 1 at 3.) There are other allegations in the complaint, but he wholly fails to assert any facts suggesting that he has a plausible claim for relief against the government, or any other possible defendant. The Court concludes that this action is not a departure from Plaintiff's pattern of nonmeritorious litigation.

Because Plaintiff has not shown good cause why he should be permitted to file this action, the Court denies him leave to file this action, and also denies him leave to proceed in this action IFP.

Plaintiff remains subject to the filing injunction.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment in this case.

SO ORDERED.

Dated:    January 30, 2026
          New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge